IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROY LEE DICKEY, #201031, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACT. NO. 2:09-CV-134-TMH |
| | ) |
| | ) |
| RICHARD ALLEN, et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

At the time this 42 U.S.C. § 1983 action was filed, the plaintiff was incarcerated at Easterling Correctional Facility which is located in this District. The plaintiff sought only declaratory and injunctive relief concerning practices at Easterling which he contended violated his First Amendment rights related to the practice of his Native American Religion. The records of this court show that in 2010 the plaintiff was transferred to Limestone Correctional Facility which is located within the jurisdiction of the Northern District of Alabama. It thus appears that Dickey's claims are moot.

"The rule that federal courts may not decide cases that have become moot derives from Article III's case and controversy requirement." *Sierra Club v. EPA*, 315 F.3d 1295, 1299 (11th Cir.2002). "[A] case is moot when the issues presented

are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *BankWest, Inc. v. Baker*, 446 F.3d 1358, 1364 (11th Cir.2006) (quotations omitted). "When events subsequent to the commencement of a lawsuit create a situation in which the court can no longer give the plaintiff meaningful relief, the case is moot and must be dismissed." *Florida Ass'n of Rehab. Facilities, Inc. v. State of Florida Dep't of Health & Rehab. Servs.*, 225 F.3d 1208, 1217 (11th Cir.2000).  Further, "[t]his case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990).  Dickey's transfer to another prison after this case was filed results in this court being unable to redress his declaratory and injunctive relief claims about the conditions at Easterling Correctional Facility.  His case must be dismissed for lack of jurisdiction.

Accordingly, it is the Recommendation of the Magistrate Judge that this case be dismissed for lack of jurisdiction.  It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before March 10, 2014**.  A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the

Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

    Done this 24th day of February, 2014.


                        /s/Charles S. Coody
                        CHARLES S. COODY
                        UNITED STATES MAGISTRATE JUDGE